## S12Y0840. IN THE MATTER OF BRENDEN E. MILLER.
### (727 SE2d 124)

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the special master, Charles D. Jones, recommending that Brenden E. Miller (State Bar No. 506214) be suspended for 12 months for conduct arising out of his neglect of a client's bankruptcy matter. Although Miller acknowledged service of the formal complaint filed by the State Bar, he failed to file a response as required by Bar Rule 4-212 (a). At the hearing the special master granted the Bar's motion for default, but considered testimony offered by Miller in mitigation.

The facts, as deemed admitted by Miller's default pursuant to Bar Rule 4-212 (a), show that Miller, who was admitted to the Bar in 2000, was retained by a client to represent her in a bankruptcy matter and filed a bankruptcy petition on her behalf in 2004. After that petition was dismissed for the client's failure to maintain payments to the Trustee, Miller filed a second petition on May 14, 2009. On March 16, 2009, the client sent Miller a copy of a foreclosure notice dated March 4, 2009. The notice stated that the property would be subject to foreclosure in 60 to 90 days from the date of the letter. After learning that the lender had rejected the client's payment, Miller did not make an effort to determine if the property was being advertised for foreclosure, and the property was foreclosed upon prior to May 14, 2009. During the time of the representation, the client had difficulty contacting and communicating with Miller.

Based upon these facts, the special master concluded that Miller had violated Rules 1.2, 1.3, and 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2 and 1.3 is disbarment. The maximum sanction for a violation of Rule 1.4 is a public reprimand.

In aggravation of discipline, the special master found that Miller had substantial experience in the practice of law and is a bankruptcy lawyer by trade, and thus should have known how to confirm when the property was scheduled to be sold and should have known of the consequences of the failure to file the second petition before the foreclosure. In mitigation, the special master found that Miller had no prior disciplinary record and no dishonest or selfish motive. The special master also found that Miller is a solo practitioner and is remorseful. The special master also found that the State Bar had no difficulty communicating with Miller prior to the filing of the formal complaint, but that around the time of the filing of the complaint, Miller left the country to care for his father, who was ill. Miller did not inform the State Bar of his departure and discovered upon his return

that he was in default. The special master recommended that Miller be suspended for 12 months and that as a condition for reinstatement, he be required to take 12 hours of continuing legal education in the area of law office practice and management.

Having reviewed the record, we conclude that the appropriate sanction is a 12-month suspension from the practice of law in Georgia, with a conditional reinstatement. Accordingly, it is hereby ordered that Brenden E. Miller be suspended from the practice of law in the State of Georgia for a period of 12 months from the date of this opinion and that his reinstatement be conditioned upon the completion of 12 hours of continuing legal education in the area of law office practice and management. Miller is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Twelve-month suspension. All the Justices concur.*

DECIDED APRIL 24, 2012.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.