### S13Y0385, S13Y0386. IN THE MATTER OF SCOTT PATRICK ARCHER (two cases).
(739 SE2d 386)

PER CURIAM.

These disciplinary matters are before the Court on the Notices of Discipline filed by the State Bar seeking to disbar Respondent Scott Patrick Archer (State Bar No. 021317). The State Bar attempted to serve Archer personally at the address listed with it, but the sheriff filed a return of service non est inventus. The State Bar then properly served Archer by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). As Archer failed to file a Notice of Rejection, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court, see Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Archer's default, show that in S13Y0385, a client retained Archer to represent him in post-trial motions and an appeal in a criminal case. In April 2011 Archer filed a motion for new trial on his client's behalf in which he stated that he would submit a supplemental motion and brief after he reviewed the trial transcripts. Over several months, the client paid Archer $2,500 to pursue the motion for new trial. After filing the motion, however, Archer did nothing else in the client's case and has

not contacted his client or refunded any part of the fee paid by the client. In S13Y0386, a client retained Archer in March 2011 to represent him in efforts to obtain money owed to the client by another individual in a lawsuit the client already filed in the magistrate court. The client gave Archer the paperwork and paid a fee of $500. The trial was conducted in March 2011 and the court entered a judgment in favor of the client for $10,500. Thereafter, the client paid Archer a retainer of $300 to represent him against another party who owed the client money. They agreed that the client would pay the balance of the agreed-upon fee when Archer had prepared the necessary papers for the case. The client contacted Archer a few months later, and Archer told him everything was going well, but thereafter Archer stopped taking or responding to his client's calls, his telephone number was disconnected and his office was closed. The client never heard from Archer after May 2011. Archer failed to take any action to collect the amount of the judgment awarded in the first case or return the documents with the information necessary to locate the judgment debtor, and failed to take any action in the second case, return those documents or refund the retainer paid by the client. The client has not been able to afford new counsel and has not collected the $10,500 judgment. In both matters Archer did not respond to the Notice of Investigation or the Investigative Panel's efforts to contact and obtain information from Archer.

Based on these facts, the State Bar contends that Archer violated Rules 1.3, 1.4, 1.5, 1.16, 3.2 and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). A violation of Rule 1.3 may be punished by disbarment, while the maximum sanction for a violation of the other rules charged is a public reprimand. In support of its request to disbar Archer, the State Bar notes in aggravation that Archer has these multiple cases seeking disbarment pending contemporaneously.

We have reviewed the record and agree that disbarment is the appropriate sanction. Therefore, it hereby is ordered that the name of Scott Patrick Archer be removed from the rolls of persons authorized to practice law in the State of Georgia. Archer is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MARCH 4, 2013.

*Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar,* for State Bar of Georgia.