302 Ga. 366
FINAL COPY

S17Y1536.  IN THE MATTER OF BRENDEN E. MILLER.

PER CURIAM.

This disciplinary matter is before the Court on the Notice of Discipline seeking the disbarment of Brenden E. Miller (State Bar No. 506214).  The State Bar attempted to serve Miller at the address listed with the Bar, but he did not acknowledge service of the disciplinary pleadings within 20 days of mailing and the sheriff filed a return of service non est inventus when personal service was attempted.  The State Bar then properly served Miller by publication, pursuant to Bar Rule 4-203.1 (b) (3) (ii).  Miller failed to file a Notice of Rejection as to this disciplinary matter.  He is therefore in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of his default, show that Miller, who has been a member of the Bar since 2000, filed on behalf of a client a

petition for relief in federal bankruptcy proceedings, but the client was thereafter unable to reach Miller. The client then contacted the bankruptcy trustee, who wrote to Miller, requesting that he contact his client regarding matters as to which the client needed assistance, but the client, who was hospitalized at the time and continued to be unable to reach Miller, was allowed to file a motion pro se. The bankruptcy court entered an order directing Miller to confer with his client and, if necessary, file an amended motion, and the trustee again sought to contact Miller about the status of the matter, but he failed to respond. The court then entered a show cause order as to why Miller should not be sanctioned for his conduct, but he again failed to respond to this order or to appear at a hearing on the matter. The court then entered an order sanctioning Miller and suspending him from filing cases until he appears and shows cause, but he has failed to respond to the order, contact his client, or seek to be removed from the case.

Based on these facts, the Investigative Panel found probable cause to believe that Miller's conduct violated Rules 1.2 (a), 1.3, 1.4, 1.16 (c), and 3.2 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2 and 1.3 is disbarment, and the

maximum sanction for a violation of Rules 1.4, 1.16, and 3.2 is a public reprimand. In aggravation of discipline, the Bar notes that Miller received a prior 12-month suspension from this Court for his neglect of another client's bankruptcy matter, see In the Matter of Miller, 291 Ga. 30 (727 SE2d 124) (2012); that he failed to respond to the Notice of Investigation, for which failure he is currently under suspension, see In the Matter of Miller, S17Y0713 (Dec. 8, 2016); and that he possesses considerable experience in the practice of law.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Brenden E. Miller be removed from the rolls of persons authorized to practice law in the State of Georgia. Miller is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided October 16, 2017.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar, for State Bar of Georgia.