303 Ga. 152
FINAL COPY

S18Y0315.  IN THE MATTER OF NATALIE DAWN MAYS.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Natalie Dawn Mays (State Bar No. 479761).  Mays failed to acknowledge service of the Notice of Discipline mailed to her at the post office box address on file with the State Bar's membership department. The State Bar then properly served Mays by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii), but she failed to file a Notice of Rejection.  Therefore, she is in default, has waived her right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by Mays's default, are as follows.  In August 2013, a client retained Mays to represent her in connection with a bankruptcy case and paid Mays $4,000.  The client thereafter tried to contact Mays on numerous occasions about her case, but Mays failed to respond.  Mays

also failed to respond to the client's attorney in a pending personal injury lawsuit in order to settle that lawsuit and to the bankruptcy trustee. In April 2017, the bankruptcy court entered orders sanctioning Mays and terminating her as counsel for the client. Mays did not refund the unearned portion of the fee that the client had paid.

The client filed a grievance with the State Bar, and a Notice of Investigation was issued. Although Mays was served by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii), she failed to file a sworn, written response as required by Bar Rule 4-204.3. Mays is currently under an indefinite suspension for her failure to adequately respond to the State Bar's investigation of this matter. See In the Matter of Mays, S17Y1976 (July 27, 2017).

The Investigative Panel found that by this conduct Mays violated Georgia Rules of Professional Conduct 1.3, 1.4, 1.5, 1.16, and 3.2. See Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment. The maximum sanction for a violation of the other rules is a public reprimand.

In aggravation of discipline, the Investigative Panel found that Mays acted wilfully in collecting a fee from the client and then abandoning her legal matter; acted with a selfish motive; has substantial experience in the practice of law,

2

having been admitted to the bar in 1994; has a prior disciplinary history, having received an Investigative Panel reprimand on October 3, 2008; and failed to respond adequately to the Notice of Investigation.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. See In the Matter of Archer, 292 Ga. 553, 554 (739 SE2d 386) (2013); In the Matter of Shaw, 292 Ga. 149, 150 (734 SE2d 405) (2012). Accordingly, it is hereby ordered that the name of Natalie Dawn Mays be removed from the rolls of persons authorized to practice law in the State of Georgia. Mays is reminded of her duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided February 19, 2018.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Andreea N. Morrison,

Assistant General Counsel State Bar, for State Bar of Georgia.