306 Ga. 380
FINAL COPY

S19Y0706.  IN THE MATTER OF JOHNNIE MAE GRAHAM.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Johnnie Mae Graham (State Bar No. 304625).  Graham failed to acknowledge service of the Notice of Discipline mailed to her at the post office box address on file with the State Bar's membership department.  The State Bar then properly served Graham by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii), but she failed to file a Notice of Rejection.  Thus, she is in default, has waived her right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Graham's default, are as follows.  In 2013, a client retained Graham to represent him in connection with a car accident, and Graham filed a lawsuit on the client's behalf in December 2013.  However, after the lawsuit was

filed, Graham failed to respond to the client, who attempted to contact her on numerous occasions regarding the lawsuit. In August 2015, the defendants filed a motion to dismiss the client's case. Graham did not file a response to the motion to dismiss, and in October 2015 the court dismissed the client's case due to Graham's failure to appear at a hearing. The State Disciplinary Board found that Graham failed to perform work on the client's behalf, abandoned the legal matter the client entrusted to her to the client's detriment, failed to return the client's file, and failed to provide information requested by the State Bar during the investigation of this disciplinary matter.

Based on these facts, the State Disciplinary Board found probable cause to believe that Graham violated Rules 1.3, 1.4, 1.16 (d), and 3.2 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment, while the maximum sanction for a violation of Rules 1.4, 1.16, and 3.2 is a public reprimand.

In aggravation of the level of discipline in this case, see Bar Rule 4-208.2 (a) (4), the State Disciplinary Board found that Graham has extensive experience in the practice of law, having been admitted to the Bar in 1981, and that she has previous disciplinary history, having received a Review Panel reprimand in 2013. See *In the Matter of Graham*, 292 Ga. 901 (742 SE2d 735) (2013).

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. See, e.g., *In the Matter of Mays*, 303 Ga. 152 (810 SE2d 478) (2018); *In the Matter of Miller*, 302 Ga. 366 (806 SE2d 596) (2017). Accordingly, it is ordered that the name of Johnnie Mae Graham be removed from the rolls of persons authorized to practice law in the State of Georgia. Graham is reminded of her duties pursuant to Bar Rule 4-219 (b).

*All the Justices concur.*

Decided June 3, 2019 – Reconsideration denied July 1, 2019.

Disbarment.

Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar, for State Bar of Georgia.