307 Ga. 679
FINAL COPY

S19Y0831. IN THE MATTER OF SCOTT D. BENNETT.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Scott D. Bennett (State Bar No. 050607), who was admitted to the Bar in 2001. After acknowledging service of the Notice of Discipline, Bennett filed a perfunctory, one-sentence Notice of Rejection, which fails to respond specifically to any of the allegations in either the Notice of Discipline or the Notice of Investigation on which it was based. Further, his Notice of Rejection failed to include a sworn response to the Notice of Investigation; therefore, Bennett's Notice of Rejection is not valid, see Bar Rule 4-208.3 (b). Accordingly, Bennett is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by Bennett's default, are as follows. Bennett was hired to represent a client, who had been sued in connection with a lease dispute. In February 2016, the parties negotiated a settlement, whereupon the client sent Bennett an $8,000 check to forward to the plaintiff upon execution of the settlement documents. After depositing the check and sending draft settlement documents to plaintiff's counsel, Bennett abandoned the matter, failing to respond to opposing counsel's proposed revisions to the settlement documents and other inquiries, failing to forward the settlement funds, and failing to return the client's phone calls or otherwise communicate with him regarding the matter. Ultimately, the plaintiff filed a motion to enforce the settlement; Bennett failed to appear for the hearing and, when contacted by the court, advised that the client did not oppose it; and the trial court granted the motion, ordering the client to pay the agreed-upon $8,000 in settlement of the case, plus $2,500 in attorney fees for bad faith in failing to conclude the settlement. Bennett failed to notify the client of the order, and, when the client thus failed to comply, the court

entered judgment against the client in the amount of $10,500. Bennett has since failed to communicate with the client or respond to inquiries from the client's new counsel, and he has failed to return the $8,000. As noted above, Bennett has also failed altogether to respond to the Notice of Investigation and failed to file a valid response to the Notice of Discipline.

Based on these facts, the State Disciplinary Board found probable cause to believe that Bennett's conduct violated Rules 1.2, 1.3, 1.4, 1.15 (I), 3.2, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum penalty for a violation of Rule 1.2, 1.3, 1.15 (I), or 8.4 (a) (4) is disbarment; the maximum penalty for a violation of Rule 1.4 or 3.2 is a public reprimand. In aggravation of discipline, the State Bar notes that Bennett acted with a dishonest or selfish motive; failed to respond to the Notice of Investigation; and has significant experience in the practice of law. The only mitigating factor cited is Bennett's lack of prior disciplinary history.

3

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. See, e.g., *In the Matter of Mays*, 303 Ga. 152 (810 SE2d 478) (2018) (disbarment warranted for abandoning client and failing to refund unearned retainer where attorney had substantial experience in practice of law and failed to respond adequately to disciplinary authorities); *In the Matter of Miller*, 302 Ga. 366 (806 SE2d 596) (2017) (disbarment warranted for abandoning client where attorney had substantial experience in practice of law and failed to respond to disciplinary authorities); *In the Matter of Ali*, 283 Ga. 225 (658 SE2d 115) (2008) (disbarment warranted for abandoning client and failing to respond to disciplinary authorities). Accordingly, it is hereby ordered that the name of Scott D. Bennett be removed from the rolls of persons authorized to practice law in the State of Georgia. Bennett is reminded of his duties pursuant to Bar Rule 4-219 (b).[1]

*Disbarred. All the Justices concur.*

---

[1] Former Bar Rule 4-219 (c).

DECIDED DECEMBER 23, 2019 -- RECONSIDERATION DENIED JANUARY 27, 2020.

Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar,* for State Bar of Georgia.