308 Ga. 486
FINAL COPY

S20Y0312.  IN THE MATTER OF JARED MICHAEL
ARRINGTON.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Jared Michael Arrington (State Bar No. 000686), who was admitted to the Bar in 2008.  The State Bar attempted to serve Arrington personally at his official address as listed with the State Bar, but he could not be found at that address.  The State Bar then properly served Arrington by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii).  Arrington failed to file a Notice of Rejection.  Therefore, Arrington is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Arrington's default, are as follows.  In October 2013, in connection with the closing of a residential real estate transaction, Arrington collected $972.50 from

the purchasers to obtain a title insurance policy for the benefit of the lender, Branch Banking & Trust ("BB&T"). Arrington, however, never purchased the policy. When contacted by a BB&T loan officer inquiring about the policy, Arrington promised to forward it, but he never did. The loan officer, after being informed by the title insurance company that no policy had ever been purchased, again contacted Arrington, requesting that he remit the $972.50 to BB&T. Arrington failed to respond to this request and several others over a more than two-year period, prompting the loan officer to file a grievance with the State Bar. In response to the grievance, Arrington stated that, due to "personal issues," he had closed his practice the previous year; that he had believed all final title policies "were taken care of by an office assistant" before he closed his office but recently discovered this was not the case; and that he was in the process of closing all his open files and would send the final policy and proof of payment as soon as possible. Arrington, however, did not do so. The State Bar thereafter issued a Notice of Investigation, unsuccessfully attempted personal service, and ultimately effected

service by publication. The State Bar then moved for an interim suspension, which the Court granted on May 13, 2019, and which remains in place. See Case No. S19Y1152.

Through the above-described conduct, the State Bar contends that Arrington has violated Rules 1.3, 1.4, 1.15 (I), and 1.15 (II) (a) and (c) (2) (ii) of the Georgia Rules of Professional Conduct, found at Bar Rule 4-102 (d). The maximum penalty for violations of Rules 1.3, 1.15 (I), and 1.15 (II) (a) is disbarment, while the maximum penalty for violations of Rules 1.4 and 1.15 (II) (c) is a public reprimand. In recommending disbarment, the State Bar notes in aggravation that Arrington acted willfully, dishonestly, and with a selfish motive; engaged in multiple violations of the Rules; intentionally failed to comply with the disciplinary process; took advantage of vulnerable victims; has been indifferent to making restitution; and has experience in the practice of law.

The Court hereby finds that Arrington has violated Rule 1.3, by willfully disregarding his responsibility to acquire the title insurance policy and willfully abandoning the matter and his client;

Rule 1.4, by failing to communicate promptly and accurately with his client about his failure to acquire the title policy; and Rules 1.15 (I) and 1.15 (II) (a), by failing to keep the $972.50 in a trust account separate from his own funds and by converting the funds and failing to deliver or account for them upon his client's request.[1] Given the nature of the conduct and the aggravating factors noted above, we find that disbarment is appropriate and consistent with discipline imposed in cases involving similar violations. See, e.g., *In the Matter of Bennett*, 307 Ga. 679 (837 SE2d 298) (2019) (disbarment warranted for abandoning client matter and retaining settlement funds where attorney acted with dishonest or selfish motive, failed to respond adequately to disciplinary authorities, and had substantial experience in the practice of law); *In the Matter of Mays*, 303 Ga. 152 (810 SE2d 478) (2018) (disbarment warranted for abandoning client and failing to refund unearned retainer where attorney had substantial experience in the practice of law and failed

---

[1] Given that no trust account was utilized at all for these client funds, the specific provisions of Rule 1.15 (II) (c) (2) (ii) are inapplicable.

to respond adequately to disciplinary authorities); *In the Matter of Miller*, 302 Ga. 366 (806 SE2d 596) (2017) (disbarment warranted for abandoning client where attorney had substantial experience in the practice of law and failed to respond to disciplinary authorities); *In the Matter of Ali*, 283 Ga. 225 (658 SE2d 115) (2008) (disbarment warranted for abandoning client and failing to respond to disciplinary authorities). Accordingly, it is hereby ordered that the name of Jared Michael Arrington be removed from the rolls of persons authorized to practice law in the State of Georgia. Arrington is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. Melton, C. J., Nahmias, P. J., and Blackwell, Boggs, Peterson, Warren, Bethel, and Ellington, JJ., concur.*

DECIDED APRIL 6, 2020.
Disbarment.
*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar*, for State Bar of Georgia.