**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: August 12, 2025

S25Y1147.  IN THE MATTER OF KATHLEEN STRANG.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master LaRae D. Moore, who recommends that Kathleen Strang (State Bar No. 675018) be disbarred for her conduct in connection with four client matters. Strang is currently suspended pursuant to an interim order entered by this Court after she failed to provide a response to the State Bar's Notice of Investigation underlying this matter. See *In the Matter of Strang*, Case No. S24Y0064 (Aug. 24, 2023). The Special Master concluded that, based on Strang's admissions by virtue of her default, Strang, who has been a member of the State Bar since 1996,

violated Rules 1.2(a),[1] 1.3,[2] 1.4(a)[3] and (b)[4], 3.2,[5] and 9.3[6] of the Georgia Rules of Professional Conduct ("GRPC" or "Rules") found in Bar Rule 4-102(d) and recommended that Strang be disbarred. The maximum sanction for a violation of Rules 1.2(a) and 1.3 is disbarment. The maximum sanction for a violation of Rules 1.4(a) and (b), 3.2, and 9.3 is a public reprimand. Neither party has filed exceptions in this Court, and this matter is now ripe for the Court's

---

[1] Rule 1.2(a) provides, in pertinent part, that "a lawyer shall abide by a client's decisions concerning the scope and objectives of representation and . . . shall consult with the client as to the means by which they are to be pursued."

[2] Rule 1.3 provides, in pertinent part, that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[3] Rule 1.4(a) provides, in pertinent part, that a lawyer shall "reasonably consult with the client about the means by which the client's objectives are to be accomplished," "keep the client reasonably informed about the status of the matter," and "promptly comply with reasonable requests for information."

[4] Rule 1.4(b) provides that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[5] Rule 3.2 provides that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

[6] Rule 9.3 provides that "[d]uring the investigation of a matter pursuant to these Rules, the lawyer complained against shall respond to disciplinary authorities in accordance with State Bar Rules."

consideration. Having reviewed the record, we agree with the Special Master that disbarment is the appropriate sanction.

The record before us shows that on January 8, 2024, the State Bar filed a Formal Complaint against Strang in State Disciplinary Board Docket ("SDBD") Nos. 7794, 7795, and 7796, charging her with violations of Rules 1.2(a), 1.3, 1.4(a) and (b), 3.2, and 9.3. On April 11, 2024, the State Bar filed a second Formal Complaint against Strang in SDBD No. 7869, charging her with additional violations of Rules 1.2(a), 1.3, 1.4(a), and 3.2. After the State Bar's initial attempts to personally serve Strang could not be perfected, it served her by publication pursuant to Bar Rule 4-203.1(b)(3)(ii). Strang failed to timely answer the Formal Complaints, and the State Bar filed two Motions for Default, which the Special Master granted. See Bar Rule 4-212(a). The Special Master then scheduled an aggravation and mitigation hearing — which Strang did not attend — and submitted her report and recommendation.

The facts, as deemed admitted by Strang's default, show that in SDBD No. 7794, Strang was appointed to represent a client

following his conviction for murder and entered an appearance on his behalf in January 2019. The client's motion for new trial hearing was rescheduled multiple times. On one occasion, Strang represented to the trial court that she needed additional time, and on another occasion, she informed the court that she had health issues and had gotten "backlogged." The court ultimately held a hearing on the motion in October 2020. Prior to this hearing, Strang told the court that her client was concerned because he had written Strang asking for his trial transcripts, but Strang never responded. Strang denied receiving the correspondence, although she admitted that she failed to send the client a copy of the brief she had filed on his behalf. In July 2022, the court entered an order denying the motion. Subsequently, the client filed a grievance against Strang with the State Bar, complaining that Strang only communicated with him at court appearances and did not adequately prepare to represent him. Strang never responded to the grievance.

In SDBD No. 7795, Strang was appointed to represent a client seeking to withdraw his guilty plea to charges of aggravated assault.

4

The client filed a grievance against Strang in which he alleged that Strang had not communicated with him regarding his desire to withdraw the plea. Strang responded to the grievance in October 2022, stating that she "ha[d] not yet been able to obtain a copy of [his] plea transcript[,]" which she labeled as "critical" to "any determination of the validity of [the client's] plea." The client rebutted Strang's response in November 2022 and claimed that his transcript was filed in the clerk's office and dated January 9, 2017. Strang responded to the client's rebuttal in February 2023 and claimed that she had since been able to review the client's transcript and believed that his plea was "constitutionally sound." At Strang's disciplinary hearing, which she did not attend, counsel for the State Bar represented that the client's transcript "had been filed into the record in 2017" and that it was "unclear" as to "why [Strang] would have had problems obtaining the trial transcript when she responded" to her client "in 2022." In her recommendation to disbar, the Special Master found that Strang "admitted that she essentially

5

abandoned the case because she unilaterally determined that [the client's] appeal was without merit."

In SDBD No. 7796, Strang was appointed to represent a client who was convicted of enticing a child. During her representation, Strang failed to communicate with the client, failed to consult with him about his case, failed to inform him of at least one court date, and failed to attend at least two court dates herself. She filed an amended motion for new trial over ten months after she was appointed to the case and failed to file certain amended or supplemental materials that she represented to the court that she would file thereafter. Further, Strang requested on multiple occasions that the court grant her additional time to prepare for the client's case. And despite the client writing to her to inform her that he did not want her to request any additional delays and to tell her what grounds he wanted her to include in the supplemental brief, Strang did not respond to the client, continued to request additional time, and never filed the supplemental brief. Subsequently, the client filed a grievance against her with the State Bar. At the

evidentiary hearing on this disciplinary matter, which Strang failed to attend, the Special Master noted that Strang's response to the client's grievance did not address her lack of communication with the client and, instead, she focused on the merits of his case.

In SDBD No. 7869, Strang was appointed to represent a client in defending against three felony charges. In January 2020, she entered an appearance on behalf of the client, and in February 2021 — over a year later — filed a waiver of arraignment and entered a not guilty plea. It does not appear from the record that Strang made any further filings in this case, and, in September 2021, the client filed a pro se request for a speedy trial, stating that he had not been able to communicate with Strang. In September 2023 — over two years later — the superior court entered an order directing the Georgia Public Defender Council to appoint a new attorney for the client because Strang had been suspended from the practice of law due to her failure to respond to the State Bar's initial Notice of Investigation. During the year in which there was no activity in his criminal case, the client filed a grievance with the

7

State Bar, alleging that Strang failed to communicate with him and failed to diligently pursue his case. Strang responded to the grievance, acknowledging that she had not pushed for trial nor visited the client in jail due to her own health conditions.

Based on this conduct, the Special Master concluded that Strang violated Rule 1.2(a) by failing to abide by each client's decisions concerning the scope and objectives of representation — which were to pursue, prepare, and present a defense — and by failing to consult with the clients regarding the means by which their objectives would be pursued. Strang violated Rule 1.3 by failing to act diligently and by willfully abandoning her clients' cases to their detriment, as she asked for multiple continuances, failed to attend scheduled court dates, and failed to make timely filings. Strang violated Rule 1.4(a) by failing to consult with her clients and failing to keep them informed about the status of their cases. Strang violated Rule 1.4(b) by failing to explain to her clients their cases to the extent reasonably necessary for them to make informed decisions. Strang violated Rule 3.2 by requesting

8

continuances for no reason other than her own case backlog and by failing to meet deadlines. Strang violated Rule 9.3 by failing to respond to the Notice of Investigation.

In considering the appropriate level of discipline, the Special Master considered the American Bar Association Standards for Imposing Lawyer Sanctions (1992) ("ABA Standards"). *In the Matter of Morse*, 266 Ga. 652 (1996). See also ABA Standard 3.0 (when imposing a sanction, a court should consider the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors). In addressing the duties violated, the Special Master determined that Strang violated her duty of diligence, her duty to abide by her clients' decisions concerning the scope and objectives of representation, her duty to keep her clients informed about their case, and her duty to expedite her clients' cases consistent with their best interests. In addressing Strang's mental state, the Special Master determined that Strang's conduct was knowing, as she knew that the objective of her representation was to defend her clients

against criminal charges or pursue post-conviction appeals; she knew that she had deadlines and obligations to her clients and the courts; and she knew that her indigent clients, whom she represented by appointment, could not simply hire another lawyer. Yet, despite being aware of these circumstances and duties, Strang "knowingly failed to discharge them." In addressing injury, the Special Master determined that Strang's misconduct caused serious injury or potential serious injury to her clients, as her failure to communicate with her incarcerated clients left them without any knowledge of their case status and caused or could have caused anxiety and worry and as the resolution of her clients' cases were delayed by months and even years. Further, the Special Master determined that Strang's misconduct caused injury to the profession, as the Georgia Public Defender Council entrusted the defense of multiple indigent clients to her and she failed to uphold the faith the State of Georgia and the justice system placed in her.

The Special Master further determined that, in aggravation, Strang had a pattern of misconduct, as she repeatedly failed to

communicate with her clients and perform work in their cases; committed multiple offenses; refused to acknowledge the wrongful nature of her conduct, as she never addressed her wrongdoings when responding to the clients' grievances; had vulnerable victims, as her clients were incarcerated and indigent; and had substantial experience in the practice of law. See ABA Standard 9.22(c), (d), (g), (h), and (i). In mitigation, the Special Master determined that the only applicable factor was the absence of a prior disciplinary record, but noted that this was not sufficient to balance the many aggravating factors. See ABA Standard 9.32(a).

The Special Master then concluded that based on the Rules violated, Strang should be disbarred, noting that such a sanction is consistent with prior cases in which an attorney has violated similar Rule provisions. See *In the Matter of Jackson*, 321 Ga. 256 (2025) (attorney in default disbarred for violations of Rules 1.2(a), 1.3, and 1.4(a) in connection with one client matter where attorney abandoned his client's case and had no prior disciplinary history); *In the Matter of Blain*, 315 Ga. 475 (2023) (attorney in default

11

disbarred for violations of Rules 1.2(a), 1.3, 1.4, and 3.2 in connection with one client matter where attorney had no prior disciplinary history); *In the Matter of McCrea*, 314 Ga. 810 (2022) (attorney in default disbarred for violations of Rules 1.2(a), 1.3, 1.4(a), 1.16(d), and 9.3 in connection with two client matters where attorney had no prior disciplinary history, abandoned his clients, and failed to respond to the notice of investigation); *In the Matter of Miller*, 302 Ga. 366 (2017) (attorney in default disbarred for violations of Rules 1.2(a), 1.3, 1.4, 1.16(c), and 3.2 where attorney failed to communicate with his client and failed to respond to the notice of investigation).

Having reviewed the record, we agree that disbarment is the appropriate sanction, and that disbarment is consistent with prior cases in which an attorney admitted, by virtue of default, to violating similar provisions of the GRPC that carry disbarment as a sanction and failed to participate in the disciplinary process. Accordingly, it is hereby ordered that the name of Kathleen Strang be removed from the rolls of persons authorized to practice law in the State of Georgia. Strang is reminded of her duties pursuant to

Bar Rule 4-219(b).

*Disbarred. All the Justices concur, except Land, J., not participating.*