301 Ga. 231
FINAL COPY

S17Y0686. IN THE MATTER OF MICHAEL ROBERT JOHNSON.

PER CURIAM.

This disciplinary matter is before the Court pursuant to a Notice of Discipline filed by the State Bar regarding Michael Robert Johnson (State Bar No. 395056). Johnson failed to file a Notice of Rejection[1] and, accordingly, he is in default, has waived his rights to an evidentiary hearing, and is now "subject to such discipline and further proceedings as may be determined by [this] Court." Bar Rule 4-208.1 (b). The State Bar alleges that Johnson violated Rules 1.4, 1.5, 1.16 (d), 5.3 (d) (2), and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.4, 1.5, 1.16, and 9.3 is a public reprimand, while the maximum sanction for a violation of Rule 5.3 is disbarment. The State Bar asserts that due to the facts of this case and Johnson's prior disciplinary record, a Review Panel reprimand is the

---

[1] After the State Bar mailed a letter enclosing the Notice of Discipline and an acknowledgment of service form to Johnson, he filed a "Motion for Remand or Alternatively for Additional Time for Response and Argument There[of]" which this Court granted, construing it as a motion for extension of time to file a Notice of Rejection under State Bar Rule 4-208.3 and ordering Johnson to file a Notice of Rejection by February 7, 2017. Johnson, however, then failed to file a Notice of Rejection.

appropriate sanction for his violations. We disagree.

The facts, as deemed admitted by virtue of Johnson's default, show that, in November 2015, a client retained Johnson to represent him in a civil matter, and Johnson charged the client $7,500 to be paid in installments with a $2,500 deposit up front, which the client paid. Johnson employed a disbarred attorney as his paralegal, and he informed the client that the paralegal would assist him in the client's matter. But Johnson failed to personally do any work at all on the matter and instead allowed the disbarred attorney to have contact with the client in person, by telephone, and through written correspondence. Johnson (and his paralegal) ultimately abandoned the legal matter to the client's detriment. Johnson also personally failed to communicate with the client, and when the client attempted to terminate the representation, Johnson failed to refund the fee he was paid that he did not earn. In addition, although Johnson acknowledged service of the Notice of Investigation on September 12, 2016, Johnson failed to respond to it in accordance with Bar Rule 4-204.3 (b).

In aggravation of the level of discipline, the Investigative Panel considered that Johnson acted willfully in collecting a fee from the client and then abandoning his legal matter, and that he acted with a selfish motive. The

2

State Bar also notes that Johnson has a prior disciplinary history, including a formal letter of admonition that he received on January 8, 2012, and an Investigative Panel Reprimand that he received on August 12, 2016.

Based on our review of the record, we find that a six-month suspension is a more appropriate sanction in this case for Johnson's violation of Rule 5.3, especially given that his conduct also violated Rules 1.4, 1.16, and 9.3.[2] See, e.g., In the Matter of Hentz, 300 Ga. 413 (794 SE2d 649) (2016); In the Matter of Tucker, 295 Ga. 357 (759 SE2d 854) (2014). Accordingly, we hereby order that Michael Robert Johnson be suspended from the practice of law in the State of Georgia for a period of six months, effective as of the date of this opinion. Because there are no conditions on Johnson's reinstatement other than the passage of time, there is no need for him to take any action either through the State Bar or through this Court to effectuate his return to the practice of law. Johnson is reminded of his duties pursuant to Bar Rule 4-219 (c).

---

[2] We do not find a violation of Rule 1.5. The State Bar does not indicate which subsection of Rule 1.5 Johnson is alleged to have violated, and based on the facts alleged in the Notice of Discipline, it does not appear that Johnson violated this Rule. Based on the facts alleged in the Notice of Discipline, there is no indication that the total fee amount was unreasonable (had the services been performed), that Johnson failed to communicate the scope of the representation and the basis or rate of the fee and expenses, that the fee was subject to an unauthorized contingency or arrangement, or that the fee was to be divided between lawyers who were not in the same firm in an unauthorized manner.

Six-month suspension. All the Justices concur.

Decided May 15, 2017.

Suspension.

Paula J. Frederick, General Counsel State Bar, Andreea N. Morrison, Assistant General Counsel State Bar, for State Bar of Georgia.