308 Ga. 216
FINAL COPY

S20Y0065, S20Y0066, S20Y0067. IN THE MATTER OF JULIANNE WESLEY HOLLIDAY (three cases).

PER CURIAM.

These disciplinary matters are before this Court on three notices of discipline, each of which seeks the disbarment of Julianne Wesley Holliday (State Bar No. 362498), who has been a member of the Bar since 1998. The State Bar attempted to serve Holliday by mail at the address listed with the State Bar, and subsequently at the same address personally, but a staff investigator was unable to perfect personal service. The State Bar then properly served Holliday by publication, pursuant to Bar Rule 4-203.1 (b) (3) (ii). Holliday failed to file a Notice of Rejection. Therefore, she is in default, has waived her right to an evidentiary hearing, and is

subject to such discipline as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Holliday's default, show that, as to S20Y0065, Holliday entered into a representation agreement with, and accepted a fee from, a client to represent him as to some traffic citations. Although aware of the limited time available for filing a challenge to the suspension of the client's driver's license, and despite repeated prompting from the client, Holliday failed to file the required information, despite asserting that she had done so, and the client's license was suspended. The client repeatedly attempted to contact Holliday but was ignored until Holliday sent the client a message through social media informing him that he could seek reinstatement of his license by attending a DUI traffic school; the client subsequently learned from the Department of Driver Services that reinstatement of his license could not be pursued for one year. The client terminated Holliday and hired new counsel, but Holliday has not refunded the client's fee, despite asserting that she would do so. Additionally, there was

evidence that during the relevant time Holliday served as a public defender and thus was not authorized to represent private clients for a fee.

By this conduct, the Bar asserts that Holliday has violated, inter alia, Rules 1.2 (a), 1.3, 1.4 (a) (3) and (4), 1.16 (d), 3.2, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct. The maximum sanction for a violation of Rules 1.4, 1.16, and 3.2 is a public reprimand, while the maximum sanction for a violation of Rules 1.2, 1.3, and 8.4 (a) (4) is disbarment. In mitigation as to the appropriate level of discipline, the State Bar noted only Holliday's absence of prior discipline; in aggravation, the Bar noted Holliday's failure to respond to the disciplinary proceedings, her failure to respond to her client, her abandonment of her client's case, her dishonesty toward her client, and her substantial experience in the practice of law.

As to S20Y0066, Holliday was hired by a client to represent him in a habeas corpus action. Despite being provided by the client with a draft petition and being made aware of the client's concerns regarding preserving, via prompt filing, his right to subsequently

3

seek federal habeas relief, Holliday failed to file the requested petition, and the client had to file the petition pro se to preserve his rights. The client's family attempted to contact Holliday, but were told first that she was ill and then that she had moved out of state. Since that time, neither the client nor his family have heard from Holliday. By this conduct, the Bar asserts that Holliday violated, inter alia, Rules 1.2 (a), 1.3, 1.4 (a) (3) and (4), 1.16 (d), and 3.2. In mitigation, the Bar considered Holliday's lack of prior discipline; in aggravation, it considered her failure to respond to the disciplinary proceedings, her failure to respond to the client, her abandonment of the client's matter, and her substantial experience in the practice of law.

As to S20Y0067, Holliday was hired by a client to complete work undertaken by a previous attorney in a divorce case. During the representation, the client learned that the counterparty's proposed divorce decree had been presented to the judge without the client's requested modifications or a quitclaim deed that was supposed to be included. Although Holliday initially told the client

4

she did not understand what had happened, she later acknowledged that she had failed to include the deed. Holliday promised the client that she would remedy her error, but she failed to do so. Holliday ignored the client's attempts at communication for three months, until the client requested a refund. Holliday refunded only $250 of the $1,250 fee, withholding the rest under the pretense that it would be her fee for her preparation of a Qualified Domestic Relations Order, which she never prepared; Holliday did not return the remaining $1,000 until the filing of the grievance underlying this matter. Holliday also ignored the client's requests for the client's file and relocated her office without notifying the client. Based on these facts, the Bar asserts that Holliday violated, inter alia, Rules 1.2 (a), 1.3, 1.4 (a) (3) and (4), and 1.16 (d). In mitigation, the Bar considered Holliday's lack of prior discipline; in aggravation, it considered her failure to respond to the disciplinary proceedings, her failure to respond to the client, her abandonment of the client's matter, and her substantial experience in the practice of law.

Having considered the record, we agree that disbarment is the

5

appropriate sanction in this matter. See, e.g., *In the Matter of Annis*, 306 Ga. 187 (829 SE2d 346) (2019). Accordingly, it is hereby ordered that the name of Julianne Wesley Holliday be removed from the rolls of persons authorized to practice law in the State of Georgia. Holliday is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*

DECIDED FEBRUARY 28, 2020.

Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar*, for State Bar of Georgia.