NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: January 18, 2023

S22Y0661. IN THE MATTER OF CANDICE VALERIE BLAIN.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of respondent Candice Valerie Blain (State Bar No. 788082) based on her abandonment of a client. Blain is currently suspended pursuant to an interim order entered by this Court after she failed to provide an adequate response to the notice of investigation underlying this matter. See *In the Matter of Blain*, S22Y0064 (Aug. 16, 2021). For the reasons set forth below, we agree that disbarment is the appropriate sanction.

The State Bar attempted to serve Blain personally with the Notice of Discipline at the address listed with the State Bar, but the record shows that its staff investigator, who was authorized to perfect service, was unable to locate Blain at the listed address. See

Bar Rule 203.1 (b) (3) (i).[1] The State Bar then properly served Blain by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Blain failed to file a Notice of Rejection as required by Bar Rule 4-208.3, and therefore, she is in default, has waived her right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

---

[1] The return-of-service form used by the Bar in this matter provides four paragraphs for the investigator to indicate with a check mark, as applicable. The first paragraph is an entry of service with a blank provided for the "Date and Time of Service." The fourth paragraph, which provides for entry of service non est inventus, states: "I attempted to serve the Respondent with the Service Documents by hand delivery at the Registered Address, but the Respondent was not to be found at the Registered Address." Here, the investigator checked the fourth paragraph and explained in a note that he was unable to locate Blain's name at the callbox of her registered address, which was inside a gated community. Thus, he could not enter the subdivision to attempt personal service at the registered address, and he issued a non est inventus. The Latin term, sometimes shortened to "non est" or abbreviated as "n.e.i.," means "he is not found," and is used to indicate that the person in question could not be found within the jurisdiction. See "Non est inventus," Black's Law Dictionary (11th ed. 2019).

The Bar subsequently provided an affidavit from the investigator, which averred that the investigator attempted to locate Blain at the address that she provided to the Bar, but was not able to find her name at the callbox or gain access to the gated community. The investigator also averred that he was unable to call or text Blain because Blain has not provided a telephone number to the Bar. Rule 4-203.1 (b) (3) (i) provides, in pertinent part, that "[r]eceipt of a Return of Service Non Est Inventus shall constitute conclusive proof that service cannot be perfected by personal service."

The facts, as deemed admitted by virtue of Blain's default, are as follows. Blain, who was admitted to the Bar in 2006, was retained to represent a plaintiff in a civil suit in Fulton County State Court. The case was filed in 2016, and on December 20, 2019, the trial court's staff attorney emailed the attorneys and requested a trial announcement. To contact Blain, the staff attorney used the email address provided as a service contact in the court's electronic filing system as well as another email address listed on Blain's law firm's website. The emails sent to both addresses were returned as undeliverable. On December 23, 2019, the staff attorney sent the defendant's lawyer an email setting a trial date in January 2020, and mailed a copy of that email to Blain at the address listed on the State Bar of Georgia's website. The letter mailed to Blain was returned as undeliverable and unable to be forwarded. When the case was called for trial, neither Blain nor her client appeared. The defendant's lawyer, who had entered an appearance in June 2019, informed the court that he had never heard from Blain and that Blain did not respond to his attempts to schedule the court-ordered

3

mediation. The trial court entered an order dismissing the case with prejudice.

Based on these facts, the State Disciplinary Board found, and we agree, that Blain violated Rules 1.2 (a), 1.3, 1.4, and 3.2 of the Georgia Rules of Professional Conduct ("GRPC") found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.2 (a) and 1.3 is disbarment, and the maximum sanction for a violation of Rule 1.4 and 3.2 is a public reprimand.

In addressing mitigating and aggravating factors, the Board considered that while Blain had no prior disciplinary history, she has experience in the practice of law and that the record shows her intentional failure to comply with Bar rules regarding the disciplinary process. See ABA Standards for Imposing Sanctions 9.32 (a) and 9.22 (e), (i); *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996) (stating that this Court looks to the ABA Standards for guidance in determining appropriate disciplinary sanction).

4

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter and is consistent with similar cases in which an attorney has abandoned a client and failed to respond to the State Bar. See, e.g., *In the Matter of McCrea*, ___ Ga. ___ (___ SE2d ___) (S22Y1157, S22Y1158) (Oct. 4, 2022) (disbarring attorney who abandoned a client and committed other violations of the GRPC and who was found in default in disciplinary proceedings); *In the Matter of Powell*, 310 Ga. 859 (854 SE2d 731) (2021) (disbarring attorney for abandoning single client and failing to respond to disciplinary authorities for over two years); *In the Matter of Miller*, 302 Ga. 366 (806 SE2d 596) (2017) (disbarring attorney who abandoned client and defaulted under a notice of discipline). Accordingly, it is hereby ordered that the name of Candice Valerie Blain be removed from the rolls of persons authorized to practice law in the State of Georgia. Blain is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*