**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: February 21, 2023

S23Y0269. IN THE MATTER OF KARA SHERRISSE LAWRENCE.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of special master Catherine Koura, who recommends that Respondent Kara Sherrisse Lawrence (State Bar No. 534355) be disbarred for her multiple violations of the Georgia Rules of Professional Conduct ("GRPC") in connection with her representation of a single client. See Bar Rule 4-218. Having reviewed the record, we agree that disbarment is the appropriate sanction in this case.

The record before this Court reflects that, in June 2020, the State Bar filed and served the underlying formal complaint by publication. Lawrence, who was admitted to the Bar in 2016, failed

to answer the formal complaint, and the special master granted the State Bar's motion for default. See Bar Rule 4-212 (a). The special master then found that Lawrence, through her default, was deemed to admit the following allegations of the formal complaint.

In February 2019, a client hired Lawrence to initiate and handle his immigration matter. The client signed an attorney-client retainer agreement, which provided for a $3,500 retainer as a "flat fee in lieu of [Lawrence]'s hourly rate" and authorized Lawrence to debit that amount from the client's bank account. The agreement specified that the attorney-client relationship between Lawrence and the client would continue until "completion of the matter or upon earlier termination of the relationship as provided" in the agreement. Neither Lawrence nor the client ever took steps to cancel or terminate the agreement.

On February 22, 2019, Lawrence debited $1,000 from the client's account as a deposit on the retainer. Several days later, she debited another $1,030. Then, on March 5, 2019, she debited another $3,321.75 from the client's account. Lawrence provided the

client no advance notice of the March 5 debit and no notice that she was debiting more in total than the $3,500 he had authorized.

The United States Customs and Immigration Service ("USCIS") has an online portal for processing immigration claims. When an attorney is involved in an immigration claim, the client is required to accept the lawyer's representation within the online portal. Lawrence's client and his daughter repeatedly attempted to contact Lawrence to learn how to accept her representation in the portal and to learn of the status of the client's matter. On several occasions, a person in Lawrence's office sent the client a "code" to use to accept the representation, but none of the codes were valid. Thus, Lawrence never entered an appearance in the client's immigration matter and did not (and could not) file any immigration paperwork on his behalf. Nevertheless, on May 21, 2019, a person from Lawrence's office sent the client an email stating that his "application [wa]s moving forward" and directing him to "create an account if [he] d[id] not already have one" with immigration services. Twice, the client appeared at Lawrence's office to speak with her

about how to have his matter proceed with USCIS. The first time, no one in her office was able to provide the client with any specific information, although he was assured that she was working on his case. The second time, during late May 2019, the client discovered that Lawrence had abandoned her law office and left no contact information. The client continued to try to contact Lawrence, but was unsuccessful.

Eventually, the client filed a grievance with the State Bar. In Lawrence's response to that grievance, she misidentified her client as "Mr. Bennett," explaining that "Mr. Bennett's package" of immigration filings could not be processed by USCIS because "Mr. Bennett" refused "to formally accept [Lawrence's] representation." She further represented that "[d]riving to [her office in] Cobb County was [] not of interest to Mr. Bennett." Lawrence attached to her response a copy of the email from her office to the actual client—i.e., not Mr. Bennett—in this matter, but she offered no other evidence of any codes being sent to the client, any other communication with him, or any other follow-through by her or her staff.

4

Following Lawrence's response to the grievance, the Bar requested that she provide it with certain documents and information related to this matter and to her IOTLA accounts, including her bank statements; her Rule 1.15 (I) (a)/1.15 (II) (b) trust account record/ledgers; any documentary evidence authorizing her to charge the client for the amounts she charged him; copies of any filings she had submitted to any government agency on the client's behalf; and any proof of contact with the client prior to him filing the grievance. Lawrence did not respond to the Bar's request.

On June 7, 2021, Lawrence acknowledged service of the Notice of Investigation in this matter and provided an "Oath to Response," but she provided no additional response. Instead, she directed the State Disciplinary Board to consider her response to the grievance as her written response under oath to the Notice of Investigation— despite its references to "Mr. Bennett," who was not the client in this disciplinary matter. Lawrence never provided any trust accounting information to the Bar and did not refund any of the $5,351.75 she had debited from the client's account.

By this conduct, the special master determined that Lawrence violated Rules 1.2, 1.3, 1.4, 1.5, 1.15 (I), 1.15 (III) (e), 1.16 (d), 8.1, 8.4 (a) (4),[1] and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2, 1.3, 1.15 (I), 1.15 (III) (e), 8.1, and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of the remaining rules is a public reprimand.

The special master appropriately considered the ABA Standards for Imposing Lawyer Sanctions, see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996), and found that Lawrence's actions were intentional and that they caused her client both actual and potential harm. In aggravation of discipline, the special master cited Lawrence's dishonest or selfish motive as evidenced by her efforts to conceal her misconduct from her client and her intentional failure to comply with the disciplinary process; her pattern of misconduct which continued for more than a year with

_____

[1] The violation of Rule 8.4 (a) (4) arises, at least in part, from Lawrence's knowing misrepresentation to her client that his matter was proceeding when in fact it was not.

regard to this client; her commission of multiple offenses; her bad faith obstruction of the disciplinary process as evidenced by her failure to properly respond to the grievance, the notice of investigation, the formal complaint, and the Bar's requests for information; her refusal to acknowledge the wrongful nature of her conduct; the vulnerability of her victims; and her indifference to making restitution. See ABA Standard 9.22 (b), (c), (d), (e), (g), (h), and (j). In mitigation, the special master noted Lawrence's lack of a prior disciplinary history and her inexperience in the practice of law. ABA Standard 9.32 (a) and (f). Ultimately, the special master concluded that disbarment was the appropriate sanction.

Having reviewed the record, we agree with the special master. Lawrence's abandonment of her client and her failure to respond to the disciplinary authorities warrants the sanction of disbarment, and this sanction is consistent with prior cases in which we have disbarred attorneys who abandoned clients and failed to respond to disciplinary authorities. See, e.g., *In the Matter of Bell*, 313 Ga. 615 (872 S.E.2d 290) (2022); *In the Matter of Powell*, 310 Ga. 859 (854

SE2d 731) (2021); *In the Matter of Bennett*, 307 Ga. 679 (837 S.E.2d 298) (2019); *In the Matter of Annis*, 306 Ga. 187 (829 SE2d 346) (2019); *In the Matter of Miller*, 302 Ga. 366 (806 SE2d 596) (2017).

Accordingly, it is hereby ordered that the name of Kara Sherrisse Lawrence be removed from the rolls of persons authorized to practice law in the State of Georgia. Lawrence is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*