321 Ga. 256
FINAL COPY

S25Y0221. IN THE MATTER OF DELL JACKSON.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Adam M. Hames, who recommends that respondent Dell Jackson (State Bar No. 386329), who was admitted to the State Bar in 1993 and currently has emeritus status,[1] be disbarred in connection with a single client matter. Jackson filed no exceptions to the Special Master's report, and the time has run for her to do so. See Bar Rule 4-218. Accordingly, this matter is now ripe for the Court's consideration.

The record before us shows that the State Bar filed its Formal Complaint on December 15, 2023. On December 18, 2023, the State Bar sent a copy of the complaint to Jackson's official Bar address, a post office box, requesting that she acknowledge service. Having

---

[1] An emeritus member is subject to discipline in Georgia. See *In the Matter of Wayman*, 307 Ga. 586 (837 SE2d 261) (2019). The record does not disclose when Jackson became an emeritus member of the Bar.

received no answer, the Bar served Jackson by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). After receiving no response, the Bar filed a motion for default, which the Special Master granted. Thus, the factual allegations and the disciplinary violations charged in the Formal Complaint were deemed admitted by default. See Bar Rule 4-212 (a). In the motion, the Bar also asked for a hearing where the parties could present evidence in aggravation and mitigation. And while notice of the hearing was sent to Jackson's address she had listed with the Bar, Jackson did not appear at the hearing. The Bar called no witnesses and offered no documents for the record, only making a brief argument and answering questions from the Special Master. The Special Master's report then followed.

The facts, as deemed admitted by Jackson's default, show that Jackson represented a client in his direct appeal before this Court.[2] In doing so, Jackson failed to provide the client with a copy of his trial transcript upon his request; refused to communicate with him regarding the status of his appeal or the issues to be raised; failed

---

[2] *Thomas v. State*, 300 Ga. 433 (796 SE2d 242) (2017).

to notify him of the status of the appeal; and failed to provide him with a copy of the Court's opinion once it issued. Jackson stopped communicating with the client and never resumed communications. Based on this conduct, Jackson admitted by default to violations of Rules 1.2 (a),[3] 1.3,[4] and 1.4 (a)[5] of the Georgia Rules of Professional Conduct ("GRPC") found in Bar Rule 4-102 (d).

In considering the appropriate level of discipline, the Special

---

[3] Rule 1.2 (a) provides in relevant part that "a lawyer shall abide by a client's decisions concerning the scope and objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued." While the Special Master indicated in his report that he was "not entirely convinced" that Jackson violated this Bar Rule, the record indicates that Jackson made no attempt to contact her client after being assigned to his case to discuss the scope of the matters to be raised on appeal. And, while Rule 1.2, Comment 3 provides that "[a]t the outset of a representation, the client may authorize the lawyer to take specific action on the client's behalf without further consultation," there is no indication that is what occurred here; indeed, at the hearing on this matter, the State Bar stated the client "wanted to participate in the discussion about the issues, and he requested the trial transcript so he could go over them" but "she never discussed the issues to be raised."

[4] Rule 1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client. Reasonable diligence as used in this rule means that a lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a legal matter entrusted to the lawyer."

[5] Rule 1.4 (a) provides in relevant part that a lawyer shall "reasonably consult with the client about the means by which the client's objectives are to be accomplished; [ ]keep the client reasonably informed about the status of the matter; [and] promptly comply with reasonable requests for information[.]"

Master considered the American Bar Association Standards for Imposing Lawyer Sanctions ("ABA Standards"). *In the Matter of Morse*, 266 Ga. 652 (470 SE2d 232) (1996). See also ABA Standard 3.0 (when imposing a sanction, a court should consider the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors). However, it also noted that while the ABA Standards are generally instructive, each case must be decided on its own facts and the level of punishment "rests in the sound discretion of" this Court. *In the Matter of Cook*, 311 Ga. 206, 213 (857 SE2d 212) (2021). The Special Master then noted that the duty violated here is to the client, and that ABA Standard 4.4 lays out a wide range of possible penalties for lack of diligence and abandonment of a client, including disbarment, which the Standard provides is generally appropriate when "a lawyer abandons the practice and causes serious or potentially serious injury to a client[.]" See ABA Standard 4.41 (a).

The Special Master then determined that there are several

4

aggravating factors that apply to Jackson, including that she committed multiple offenses as related to this client; that she had substantial experience in the practice of law, having been admitted to the Bar in 1993; and that the client was vulnerable, in that he did not have any legal training or understanding of the judicial system and had to rely on Jackson to perform her function as an appellate attorney and she failed to perform that duty. See ABA Standards 9.22 (d), (h) and (i).[6] As for mitigating factors, the Special Master found that Jackson had no other disciplinary history. See ABA Standard 9.32 (a).

The Special Master also determined that Jackson owed the client the duties of communication and diligence and that Jackson's failures resulted in the client's potential serious injury in foreclosing

---

[6] The Special Master also stated that her failure to participate in the disciplinary process was an aggravating factor, but ABA Standard 9.22 (e) provides that "bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency" is an aggravating factor, and, here, there is no indication that Jackson acted in bad faith or intentionally in failing to respond to the disciplinary authorities. Cf. *In the Matter of McCalep*, 318 Ga. 260, 263 (897 SE2d 846) (2024) (listing 9.22 (e) as an aggravating factor in default case where attorney did acknowledge service but showed "a marked unwillingness to participate in the disciplinary process").

available legal remedies, including his ability to file a timely federal or state habeas petition. See 28 USC § 2244 (d); OCGA § 9-14-42 (c) (1). Accordingly, the Special Master held that our precedent addressing discipline under similar circumstances leaves little doubt as to the proper sanction, where Jackson abandoned her client and failed to respond to the disciplinary authorities. See *In the Matter of Lawrence*, 315 Ga. 723, 723 (884 SE2d 377) (2023); *In the Matter of Blain*, 315 Ga. 475, 477 (883 SE2d 315) (2023); *In the Matter of Powell*, 310 Ga. 859, 860 (854 SE2d 731) (2021).

Having reviewed the record, we agree that disbarment is the appropriate sanction, and that disbarment is consistent with prior cases in which an attorney admitted, by virtue of default, to violating similar provisions of the GRPC that carry disbarment as a sanction and failed to participate fully in the disciplinary process. Accordingly, it is hereby ordered that the name of Dell Jackson be removed from the rolls of persons authorized to practice law in the State of Georgia. Jackson is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*

Decided March 4, 2025.

Disbarment.

*Paula J. Frederick, General Counsel State Bar, Russell D. Willard, General Counsel State Bar Designate, William D. NeSmith III, Deputy General Counsel State Bar, William V. Hearnburg, Jr., Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.