**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: May 6, 2025

S25Y0686. IN THE MATTER OF DEBORAH LYNN HAKLIN.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of special master Jack J. Helms, Jr., who recommends that respondent Deborah Lynn Haklin (State Bar No. 317385), having defaulted in this matter, be suspended for one year for several violations of the Georgia Rules of Professional Conduct ("GRPC") involving her abandonment of a client.[1] After neither party requested review by the Review Board, the State Bar submitted the record to this Court, and Haklin has not filed any exceptions to the special master's report and recommendation.

---

[1] Haklin is also currently on an administrative suspension for failing to pay her Bar dues.

The facts, as deemed admitted by Haklin's default, show that in March 2019, Haklin was hired to represent a client with regard to an adoption of five children who were related to the client, for which representation the client paid $2,300 of an agreed-upon $2,500 fee. After the client traveled out of state to obtain and return to Haklin documents signed by the children's biological parents surrendering their parental rights, Haklin informed the client that she would file those documents with the court and obtain a hearing date. However, Haklin took no action to proceed with the adoptions and, when questioned about the matter by the client, provided only excuses. Upon the onset of the COVID-19 pandemic, Haklin ceased communicating with the client entirely, despite the client's continued attempts to contact her. Almost two years after her last communication with the client, Haklin re-commenced communications, notifying the client that Haklin was discontinuing the representation, and that the client's file was available to be picked up. The client asked Haklin about a refund, but Haklin refused and called the client "derogatory names and accused her of

'going after [her] sister's kids.'" Haklin later admitted to the Bar "that the text messages she sent to [the client], which included derogatory names and accusations, were 'in very poor taste.'"

Based on Haklin's misconduct, the special master concluded that she had violated Rules 1.2 (a),[2] 1.3,[3] 1.4 (a),[4] and 1.5[5] of the GRPC. The maximum sanction for a single violation of Rules 1.2 and 1.3 is disbarment; the maximum sanction for a single violation of Rules 1.4 (a) and 1.5 is a public reprimand. After citing the American Bar Association Standards for Imposing Lawyer Sanctions ("ABA

---

[2] Rule 1.2 (a) provides, in pertinent part, that "a lawyer shall abide by a client's decisions concerning the scope and objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued."

[3] Rule 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client. Reasonable diligence as used in this rule means that a lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a legal matter entrusted to the lawyer."

[4] Rule 1.4 (a) provides, in pertinent part, that a lawyer shall "reasonably consult with the client about the means by which the client's objectives are to be accomplished; [] keep the client reasonably informed about the status of the matter; [and] promptly comply with reasonable requests for information."

[5] Rule 1.5 provides, in pertinent part, that "[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

Standards"), see *In the Matter of Morse*, 265 Ga. 353, 354 (456 SE2d 52) (1995) (disciplinary authority should consider (a) the duty violated, (b) the lawyer's mental state, (c) the potential or actual injury caused by the misconduct, and (d) aggravating and mitigating factors), the special master determined that Haklin violated her duties to pursue the client's goals in a reasonably expeditious manner and to not abandon the client; that Haklin knowingly violated the Rules; and that the client suffered actual injury from the loss of her legal fee and Haklin's complete abandonment of her legal matter. The special master further concluded that ABA Standards 4.42 (suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury) and 7.2 (suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty as a professional and causes injury or potential injury to a client, the public, or the legal system) applied to Haklin's misconduct. The special master determined, in aggravation of discipline, that Haklin had a dishonest or selfish motive, that she committed multiple

4

offenses against this client, that she refused to acknowledge the wrongful nature of her conduct, that she had substantial experience in the practice of law having been admitted to the Bar in 1997, and that she had shown an indifference to making restitution; the only factor identified in mitigation of discipline was Haklin's lack of a prior disciplinary record. See ABA Standard 9.22 (b), (d), (g), (i) and (j); ABA Standard 9.32 (a).

In light of the foregoing, the special master determined that a one-year suspension was appropriate discipline, citing in support *In the Matter of Johnson*, 301 Ga. 231, 231-32 (800 SE2d 277) (2017) (imposing a six-month suspension for lawyer who accepted fees from client and ultimately abandoned the matter); *In the Matter of Sakas*, 301 Ga. 49, 49-51 (799 SE2d 157) (2017) (imposing a six-month suspension for lawyer who abandoned client's case to the detriment of the client); *In the Matter of Collins*, 261 Ga. 802, 802 (411 SE2d 711) (1992) (imposing a one-year suspension for abandoning client's legal matter and refusing to return client's file). However, the cases cited by the special master in support of the recommended discipline

5

are materially distinguishable, as *Johnson* primarily involved an issue related to the attorney's failure to supervise a paralegal; *Sakas* arose from a petition for voluntary discipline; and *Collins* does not appear to have involved the aggravating factors that the special master found in this case.

Instead, having reviewed the record and the applicable case law, we determine that disbarment is the appropriate sanction in this matter. See, e.g., *In the Matter of Jackson*, Case No. S25Y0221 (Mar. 4, 2025) (on special master's report and recommendation, disbarring attorney who abandoned a single client; violated Rules 1.2 (a), 1.3, and 1.4 (a); had no prior disciplinary history, but aggravating factors included multiple offenses related to the client, substantial experience in the practice of law, and a vulnerable client who "did not have any legal training or understanding of the judicial system and had to rely on [his attorney] to perform her function as an appellate attorney and she failed to perform that duty"); *In the Matter of Blain*, 315 Ga. 475, 475-77 (883 SE2d 315) (2023) (on notice of discipline, disbarring attorney who abandoned a single

client; committed violations of Rules 1.2 (a), 1.3, 1.4, and 3.2; had no prior disciplinary history, but had "experience in the practice of law and that the record shows her intentional failure to comply with Bar rules regarding the disciplinary process"); *In the Matter of Powell*, 310 Ga. 859, 859-61 (854 SE2d 731) (2021) (on special master's report and recommendation, disbarring attorney who abandoned a single client; violated Rules 1.2, 1.3, 1.4 (a), 1.5 (a), 3.2, and 9.3; aggravating factors included "prior disciplinary sanction; dishonest or selfish motive; a pattern of misconduct; vulnerability of the victim; and substantial experience in the practice of law").

Accordingly, it is hereby ordered that the name of Deborah Lynn Haklin be removed from the rolls of persons authorized to practice law in the State of Georgia. Haklin is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Disbarred. Peterson, CJ, Warren, PJ, and Bethel, Ellington, McMillian, LaGrua, Colvin, and Pinson, JJ, concur.*