NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: November 4, 2025

S25Y0795, S25Y0796. IN THE MATTER OF BRIAN JOEL APLIN (two cases).

PER CURIAM.

These disciplinary matters are before the Court on Notices of Discipline seeking the disbarment of respondent Brian Joel Aplin (State Bar No. 966525) based on his misconduct in the representation of two clients and his ultimate abandonment of those clients. After issuing the Notices of Discipline, the Bar filed a Proof of Service, which, as amended, established as to both matters that Aplin was properly served with the Notices of Discipline by publication in compliance with Bar Rule 4-203.1(b)(3)(ii). Aplin, who is currently suspended from the practice of law for his failure to respond to the notice of investigation served on him in connection with one of these cases, see *In the Matter of*

*Aplin*, Case No. S25Y0228 (Oct. 7, 2024), has failed to timely reject either Notice of Discipline. Therefore, he is in default, has no right to any evidentiary hearing, and is subject to discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1(b). After considering the record as a whole, we agree that disbarment is the appropriate sanction.

The facts, as deemed admitted by virtue of Aplin's default, are as follows.

S25Y0795 - State Disciplinary Board Docket ("SDBD") No. 7981: A client had obtained a favorable judgment in the Magistrate Court of Troup County. In September 2022, after the defendant in the client's case appealed the judgment to the State Court, the client retained Aplin to represent her in the appeal. The client paid Aplin $1,500 for the representation, but after accepting her money, Aplin failed to provide the client with any updates about her case and failed to respond to her multiple requests for information. On or

around April 21, 2023,[1] the client happened to see Aplin at the courthouse and asked him about her case. The client later learned that Aplin had not even filed an entry of appearance in her case until April 26, 2023, presumably because of their chance meeting at the courthouse. On May 2, 2023, the client asked Aplin for a refund of the $1,500 fee she had paid, but Aplin ignored her request. On June 12, 2023, the client officially fired Aplin and again requested a refund of her legal fee, but Aplin again ignored the request. She filed a grievance on June 20, 2023, but it was not until August 30, 2023, that Aplin finally filed a notice of withdrawal in her matter. In correspondence dated August 30, 2023, Aplin represented to the client that he had sent her a partial refund of $500, but he had not actually done so. Further, Aplin failed to respond to the notice of investigation that was served on him in connection with this matter.

By this conduct, the Bar asserts that Aplin violated Rules 1.3 (lawyer shall act with reasonable diligence and promptness in

---

[1] The Notice of Discipline alleges that this encounter occurred on April 21, 2022, but, based on the other allegations in the Notice of Discipline, and the grievance filed by the client, the year appears to be a typographical error.

representing a client; lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a legal matter entrusted to the lawyer) by failing to take any steps to advance the client's litigation, failing to respond to repeated requests for information, and by abandoning the client and her legal matter; 1.4(a)(3) (lawyer shall keep the client reasonably informed about the status of the matter) by failing to provide updates or status reports to the client for months at a time; 1.4(a)(4) (lawyer shall promptly comply with reasonable requests for information) by failing to respond to the client's numerous requests for information; 8.1(a) (lawyer shall not, in connection with a disciplinary matter, knowingly make a false statement of material fact) by representing to the State Bar that he had provided a $500 refund to the client when he had not done so; 8.4(a)(4) (lawyer shall not "engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation") by representing to the client and the State Bar that he had sent a $500 refund to the client when he had not done so; and 9.3 (during investigation of a matter pursuant to

4

these rules, lawyer shall respond to disciplinary authorities in accordance with the rules) by failing to respond to the notice of investigation as required. The maximum penalty for a violation of Rules 1.4 and 9.3 is a public reprimand, while the maximum penalty for a violation of Rules 1.3, 8.1, and 8.4(a)(4) is disbarment.

S25Y0796 - SDBD No. 7982: On August 6, 2023, a client hired Aplin to represent him in a child custody matter and paid a $2,500 retainer. Aplin filed an initial motion but thereafter abandoned the client and his legal matter. Aplin failed to provide updates to the client; failed to respond to the client's requests for information; failed to inform the client that the opposing side had served discovery requests on the client; failed to respond to the discovery requests; failed to notify the client that the opposing side had filed a motion for sanctions based on Aplin's failure to respond to the discovery requests; and failed to notify the client that the court granted the motion for sanctions and imposed a monetary sanction of approximately $8,000. The client learned of the sanctions order only when he received something related to the order in the mail

5

from the court or the opposing side. On December 14, 2023, the client retained new counsel, firing Aplin and requesting a refund, but Aplin failed to respond and failed to provide a refund.

By this conduct, the Bar asserts that Aplin violated Rules 1.3 by failing to act with reasonable diligence and by abandoning the client and his legal matter, forcing him to retain new counsel; 1.4(a)(3) by failing to keep his client reasonably informed about the status of his matter; 1.4(b) (lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation) by failing to explain the discovery requests, the motion to compel, and the motion for sanctions to his client; 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as refunding any advance payment of fees not earned) by failing to provide a refund and pay the discovery sanctions imposed by the court, thus causing significant injury to this client; and 9.3 by failing to respond to the notice of investigation as required. The maximum penalty for a violation of

6

Rules 1.4, 1.16(d), and 9.3 is a public reprimand, while the maximum penalty for a violation of Rule 1.3 is disbarment.

As the Bar notes in its Notices of Discipline, this Court generally relies on the American Bar Association's Standards for Imposing Lawyer Sanctions for guidance in determining the appropriate level of discipline, including aggravating and mitigating factors. See *ABA Standards for Imposing Lawyer Sanctions* (1992) ("ABA Standards"); *In the Matter of Morse*, 265 Ga. 353, 354 (1995) (disciplinary authority should consider (a) the duty violated, (b) the lawyer's mental state, (c) the potential or actual injury caused by the misconduct, and (d) aggravating and mitigating factors), superseded on other grounds as stated in *In the Matter of Cook*, 311 Ga. 206, 214–15 (2021). The Bar asserts that, by his actions, Aplin knowingly violated his duties of diligence and communication to his clients and that his failure to respond to the notices of investigation was an intentional violation of his duty as a professional. The Bar further contends that Aplin's failure to respond to his clients and to properly litigate their cases and his abandonment of his clients caused those

clients serious injury. It notes that the client in SDBD No. 7982 was subject to $8,000 in sanctions because of Aplin's failure to respond to discovery and to a motion to compel. Finally, the Bar asserts that Aplin's actions also caused serious injury to the reputation of lawyers and the legal profession. Based on those assertions, the Bar contends that the presumptive sanction for Aplin's actions is disbarment. See ABA Standards 4.41(b) (disbarment generally appropriate when a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to the client); 4.61 (disbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer and causes serious injury or potentially serious injury to the client).

Turning to aggravating and mitigating factors, the Bar concludes that, in aggravation of punishment, Aplin had exhibited a dishonest or selfish motive, see ABA Standard 9.22(b); he engaged in multiple offenses that demonstrated a pattern of misconduct, see ABA Standard 9.22(c) and (d); he engaged in bad faith obstruction of the disciplinary proceedings, see ABA Standard 9.22(e); he

8

refused to acknowledge the wrongful nature of his conduct, see ABA Standard 9.22(g); he has substantial experience in the practice of law, see ABA Standard 9.22(i);[2] and he has shown an indifference to making restitution, see ABA Standard 9.22(j). The Bars notes, as the only factor in mitigation of discipline, that Aplin has no prior disciplinary offenses. See ABA Standard 9.32(a).

Having reviewed the record, we conclude that the facts as deemed admitted by virtue of Aplin's default support the Bar's allegations that Aplin has violated Rules 1.3, 1.4, 1.16(d), 8.4(a)(4), and 9.3.[3] Further, we conclude that disbarment is the appropriate

---

[2] In citing Aplin's experience in the practice of law as an aggravating factor, the Notices of Discipline state that Aplin was "admitted to practice in 2003." But, consistent with Aplin's listing in the Bar's online lawyer directory, the Notices of Discipline also state elsewhere that Aplin was admitted to practice law in Georgia in 2017. We need not resolve this discrepancy or decide whether Aplin could be said to have substantial experience in the practice of law at the time that he committed the misconduct in question if he was admitted to practice law in 2017, because we exclude this factor from our consideration in concluding that disbarment is appropriate.

[3] It is unclear what facts support the allegation that Aplin violated Rules 8.1 and 8.4(a)(4) by presenting false information to the Bar, as there is no suggestion in the factual recitations in the Notices of Discipline that Aplin engaged with the Bar at all in these matters. While recognizing that the description of events in the Notices of Discipline may merely be incomplete and that Aplin has defaulted in these matters, we need not resolve this uncertainty,

sanction in this case and that it is consistent with similar cases in which an attorney has abandoned a client and failed to respond to the State Bar. See, e.g., *In the Matter of Blain*, 315 Ga. 475, 477 (2023) (disbarring attorney with no prior disciplinary history following her default in a notice of discipline case alleging that she violated various GRPC rules, including Rules 1.3 and 1.4, by abandoning a client in a civil matter); *In the Matter of Lawrence*, 315 Ga. 723, 725 (2023) (disbarring attorney with no prior discipline who admitted by default that she violated various GRPC rules, including Rules 1.3, 1.4, 1.16, 8.1, and 8.4(a)(4), by abandoning a single client and making efforts to conceal her misconduct from her client); *In the Matter of McCrea*, 314 Ga. 810, 812–13 (2022) (disbarring attorney with no prior discipline who admitted by default that he violated various GRPC rules, including Rules 1.3, 1.4, and 1.16, by abandoning one client and failing to provide another client's file to the client's appellate attorney); *In the Matter of Powell*, 310 Ga. 859,

given that we find that disbarment is appropriate even without a Rule 8.1 violation and with finding support for the Rule 8.4(a)(4) violation only in Aplin's misrepresentation to his client.

10

860–61 (2021) (disbarring attorney with prior disciplinary history where attorney violated various GRPC rules, including Rules 1.3 and 1.4, by abandoning a single client in a criminal matter in federal court); and *In the Matter of Thompson*, 306 Ga. 618, 619 (2019) (disbarring attorney following his default in a notice of discipline case alleging that he violated various GRPC rules, including Rules 1.3, 1.4, and 1.16, by abandoning a client after filing his personal injury action). Therefore, it is hereby ordered that the name of Brian Joel Aplin be removed from the rolls of persons authorized to practice law in the State of Georgia. Aplin is reminded of his duties pursuant to Bar Rule 4-219(b).

*Disbarred. All the Justices concur.*