NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: March 3, 2026

S26Y0287. IN THE MATTER OF JOSEPH WILLIAM CLOUD.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master William T. Davis, who recommends that Joseph William Cloud (State Bar No. 544816), who has been a member of the State Bar since 2008 but has remained administratively suspended since 2021 for failing to pay State Bar dues, be disbarred for certain misconduct while representing two clients and for his ultimate abandonment of those clients. The State Bar charged Cloud with violating Rules 1.3, 1.4(a), 1.4(b), 1.15(I)(b), 1.15(I)(c), 1.15(II)(a), 1.16(d), 3.2, 5.5(a), and 8.4(a)(4) of the Georgia Rules of Professional Conduct ("GRPC"), found in Bar Rule 4-102(d). The maximum sanction for violating Rules 1.3, 1.15(I)(b), 1.15(I)(c), 1.15(II)(a), 5.5(a), and 8.4(a)(4) is disbarment; the maximum

sanction for the remaining violations is a public reprimand. The Special Master granted the State Bar's motion for default after Cloud failed to file an answer to the formal complaints and ordered the parties to submit briefs pertaining to the appropriate sanction. After the State Bar filed a brief outlining several aggravating factors and one mitigating factor for the Special Master's consideration, and Cloud failed to file anything, the Special Master issued his report and recommendation. Neither party requested review by the Review Board. The State Bar has now submitted the record to this Court. Cloud has not filed any exceptions to the Special Master's report, and the time for him to do so has run.

Since Cloud is deemed to have admitted every factual allegation and Rule violation in the formal complaints due to default, we agree with the Special Master that disbarment is the appropriate sanction.

1. *Procedural History*

This matter arises from two grievances filed against Cloud, as set out in State Disciplinary Board Docket ("SDBD") Nos. 7779 and

7782. In connection with SDBD No. 7779, the client filed a grievance against Cloud in April 2022, concerning Cloud's abandonment of a lawsuit filed on the client's behalf related to a legal dispute involving a competing business. In connection with SDBD No. 7782, the client filed a grievance against Cloud in March 2022, concerning Cloud's failure to appropriately disburse $12,000 entrusted to Cloud by the client for the purpose of reclaiming the client's real property and Cloud's failure to respond to the client regarding the same. Cloud did not respond to either grievance and completely failed to participate in the disciplinary process, including failing to respond to the Formal Complaints issued by the State Bar for both matters that were properly served by publication pursuant to Bar Rule 4-203.1(b)(3)(ii). The Special Master deemed the factual allegations and alleged Rule violations contained in both complaints admitted by virtue of Cloud's default. See Bar Rule 4-212(a). After the Special Master directed the parties to submit briefs about the appropriate level of discipline, which Cloud failed to do, the Special Master issued his report and recommendation that Cloud be disbarred.

## 2. *Special Master's Report and Recommendation*

(a) Based on the factual allegations contained in the Formal Complaints, which were deemed admitted by Cloud's default, the Special Master found as follows.

Cloud was administratively suspended from the practice of law on July 1, 2021, for failing to pay State Bar dues. He remains suspended. Cloud has not responded to any communication from the State Bar or the Special Master throughout the duration of these disciplinary proceedings.

Relevant to SDBD No. 7779, in 2018, the client—a tattoo business—paid Cloud $2,500 to represent its interests in a dispute involving a competing tattoo business, which resulted in Cloud filing a lawsuit in superior court on March 26, 2019, on the client's behalf. But, on September 1, 2020, Cloud became ineligible to practice law in Georgia after failing to pay his State Bar dues.[1] Cloud did not

[1] Bar Rule 1-501(a) states that, "[u]pon the failure of a member to pay the license fee by September 1, the member shall cease to be a member in good standing," and Bar Rule 1-203 states that, "[n]o person shall practice law in this state unless such person is an active member of the State Bar of Georgia in good standing."

4

notify the superior court, opposing counsel, or the client about his ineligibility to practice law. He also failed to withdraw as counsel of record in the pending lawsuit. On November 10, 2020, opposing counsel served Cloud with discovery requests. After Cloud failed to respond to those requests, and after opposing counsel made several attempts to contact Cloud, opposing counsel mailed a letter to Cloud on March 8, 2021, pursuant to Uniform Superior Court Rule 6.4(b) ("Rule 6.4(b) letter") (requiring that counsel confer in good faith before filing any motion seeking to resolve a discovery dispute). Cloud failed to notify the client about the Rule 6.4(b) letter or to advise the client that new counsel should be retained to represent its interests. Instead, Cloud allowed the response deadline to pass without acting on the matter. Consequently, on September 20, 2021, opposing counsel filed a "Motion to Strike," which was also sent directly to the client. Following the hearing on the motion, which the trial court treated as a motion to compel, the trial court issued an order on September 23, 2021, entering a default judgment against the client and awarding expenses and attorney's fees to opposing

counsel. The trial court also ordered Cloud to file the client's discovery responses directly with the court as proof of Cloud's compliance with the trial court's order and pay $500 to opposing counsel as a sanction. However, Cloud failed to comply, and the client was forced to pay the $500 sanction. In Spring 2022, the client retained new counsel, who filed amended pleadings and proceeded with the litigation. After new counsel was also unable to communicate with Cloud, the client filed a grievance with the State Bar.

Relevant to SDBD No. 7782, the client retained Cloud to represent the client in reclaiming real property that was foreclosed and sold in a tax sale. In June 2019, the client entrusted $12,000 to Cloud for the purpose of reimbursing the purchaser of the property for the amount that the purchaser paid at the tax sale, which would have allowed the client to reclaim his property. After a year passed without hearing from Cloud, the client learned that Cloud had not used the funds for the property's redemption. Although the client

6

attempted to contact Cloud, the client never received any response. The client then filed a grievance with the State Bar.

(b) Based on the GRPC Rule violations charged by the Formal Complaints, which were deemed admitted by Cloud's default, the Special Master concluded that Cloud's conduct violated Rules 1.3,[2]

---

[2] Rule 1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client," and defines "reasonable diligence" to mean that "a lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a legal matter entrusted to the lawyer."

1.4(a),[3] 1.4(b),[4] 1.15(I)(b),[5] 1.15(I)(c),[6] 1.15(II)(a),[7] 1.16(d),[8] 3.2,[9] 5.5(a),[10] and 8.4(a)(4).[11] The Special Master then considered the

---

[3] Rule 1.4(a) states, in relevant part, that a lawyer shall: "keep the client reasonably informed about the status of the matter;" "promptly comply with reasonable requests for information;" and "consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Georgia Rules of Professional Conduct or other law."

[4] Rule 1.4(b) states that "a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[5] Rule 1.15(I)(b) states, in relevant part, that "a lawyer may not disregard a third person's interest in funds or other property in the lawyer's possession."

[6] Rule 1.15(I)(c) states, in relevant part:

Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person, … shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

[7] Rule 1.15(II)(a) states, in relevant part, that a lawyer who receives money or property on a client's behalf "shall maintain or have available one or more trust accounts as required by these rules," and that "[a]ll funds held by a lawyer for a client and all funds held by a lawyer in any other fiduciary capacity shall be deposited in and administered from a trust account."

[8] Rule 1.16(d) states that, upon terminating his or her representation, a lawyer "shall take steps to the extent reasonably practicable to protect a client's interests," such as "giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

[9] Rule 3.2 states that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interest of the client."

[10] Rule 5.5(a) states that "[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that

8

American Bar Association Standards for Imposing Lawyer Sanctions ("ABA Standards") in determining the appropriate level of discipline in this case. See *In the Matter of Breault*, 318 Ga. 127, 127 (2024) (citing *In the Matter of Cook*, 311 Ga. 306 (2021) (explaining that, while not controlling, the ABA Standards are "generally instructive as to the question of punishment")); *In the Matter of Morse*, 266 Ga. 652 (1996). Thus, as instructed by ABA Standard 3.0, the Special Master considered the duty violated by Cloud's conduct, Cloud's mental state at the time, the potential or actual injury caused by Cloud's misconduct, and the existence of any aggravating or mitigating factors. See ABA Standard 3.0 (when imposing a sanction, a court should consider "the duty violated," "the lawyer's mental state," "the potential or actual injury caused by the lawyer's misconduct," and "the existence of aggravating or mitigating factors").

---

jurisdiction or assist another in doing so."

[11] Rule 8.4(a)(4) states that a lawyer violates the Georgia Rules of Professional Conduct when he "engage[s] in professional conduct involving dishonesty, fraud, deceit or misrepresentation."

The Special Master first concluded that the duty Cloud violated was to his clients and that he had a duty to consult and communicate with his clients and to perform the work for which he was hired. The Special Master further concluded that Cloud had a duty to preserve his clients' property and to not engage in dishonest conduct. Noting that only the State Bar's allegations and arguments were available in determining the appropriate discipline, as Cloud failed to respond to or participate in the disciplinary proceedings, the Special Master concluded that Cloud had intentionally violated these duties: the duty to preserve the clients' property, see ABA Standard 4.1; the duty of diligence, see ABA Standard 4.4; and the duty of candor, see ABA Standard 4.6. The Special Master further considered that, for each of these duty violations, the ABA Standards generally deem disbarment as an appropriate penalty. See ABA Standards 4.11 (disbarment generally appropriate when a lawyer knowingly converts client property and causes the client injury or potential injury), 4.41 (disbarment generally appropriate when a lawyer: (a) abandons the practice and causes the client serious or potentially

10

serious injury; (b) knowingly fails to perform services for a client and causes the client serious or potentially serious injury; or (c) engages in a pattern of neglect with respect to client matters and causes the client serious or potentially serious injury), and 4.61 (disbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes the client serious or potentially serious injury).

The Special Master then concluded that Cloud's actions were "knowing," rather than inadvertent or negligent, because Cloud took on the representation of these two clients, was aware of the circumstances involved in each client's case, knew what his clients needed from him, and knowingly failed to act on behalf of his clients. See ABA Standards, II: Theoretical Framework (defining knowledge as "the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result.").

The Special Master further concluded that Cloud's conduct resulted in harm to both clients—that is, Cloud's tattoo-business

11

client (SDBD No. 7779) was forced to pay sanctions due to Cloud's failure to act during litigation and had to retain new counsel, and Cloud's property-redemption client (SDBD No. 7782) lost $12,000, which was converted by Cloud "for unknown reasons," and the client was consequently unable to reclaim his property.

The Special Master also concluded that several aggravating factors apply to Cloud, including that Cloud had a dishonest or selfish motive, as he converted client funds for his own personal use; Cloud displayed a pattern of misconduct, as he engaged in a pattern of neglect toward his clients and failed to perform work for his clients; Cloud committed multiple offenses, in that he violated eight Rules of the GRPC in two matters; and, lastly, Cloud has substantial experience in the practice of law.[12] See ABA Standard 9.22(b), (c), (d), (e), and (i). Concerning any mitigating factors, the Special

---

[12] The Special Master also found that Cloud committed bad-faith obstruction by intentionally failing to comply with the Rules and any orders of the disciplinary agency, failing to respond to grievances, failing to participate in the disciplinary proceedings to include being in default, and failing to respond to the Special Master's email. However, we do not consider these findings in determining the appropriate level of discipline, given that the other aggravating factors are more than sufficient to justify disbarment.

12

Master concluded that Cloud's lack of a prior disciplinary record was the only mitigating factor present in his case. See ABA Standard 9.32(a).

Finally, noting that this Court has previously disbarred attorneys who engaged in similar conduct, the Special Master recommended disbarment and cited the following opinions as support: *In the Matter of Haklin*, 321 Ga. 530 (2025) (disbarring a lawyer with no prior discipline, who violated Rules 1.2(a), 1.3, 1.4(a), and 1.5 in one matter and defaulted in the disciplinary proceedings); *In the Matter of Jackson*, 321 Ga. 256 (2025) (disbarring a lawyer with no prior discipline, who violated Rules 1.2(a), 1.3, and 1.4(a) in one matter and failed to participate in the disciplinary process); *In the Matter of Perry*, 318 Ga. 155 (2024) (disbarring a lawyer who violated Rules 1.3, 1.4, 1.15(I), 1.16, and 3.2 in three matters and failed to respond to the disciplinary proceedings); *In the Matter of Lawrence*, 315 Ga. 723 (2023) (disbarring a lawyer with no prior discipline, who violated Rules 1.2, 1.3, 1.4, 1.5, 1.15(I), 1.15(III), 1.16, 8.1, 8.4, and 9.3 in one matter and failed to participate in the

disciplinary process); *In the Matter of Power*, 314 Ga. 504 (2023) (disbarring a lawyer with no prior discipline, who violated Rules 1.2, 1.3, 1.4, 1.5, 1.15(I), 1.15(II), 1.15(III), 1.16, and 9.3 in three matters and defaulted in the disciplinary proceedings); *In the Matter of Blain*, 315 Ga. 475 (2023) (disbarring a lawyer with no prior discipline, who violated Rules 1.2(a), 1.3, and 1.4 in one matter and intentionally failed to comply with Bar rules concerning the disciplinary process); *In the Matter of Holliday*, 308 Ga. 216 (2020) (disbarring a lawyer with no prior discipline, who violated Rules 1.2, 1.3, 1.4, 1.16, 3.2, and 8.4 in three matters and failed to respond to the disciplinary proceedings).

3. *Analysis*

Given that Cloud is deemed to have admitted every factual allegation and alleged Rule violation in the formal complaints due to default, we agree with the Special Master that Cloud has violated Rules 1.3, 1.4(a), 1.4(b), 1.15(I)(b), 1.15(I)(c), 1.15(II)(a), 1.16(d), 3.2, 5.5(a), and 8.4(a)(4); that disbarment is an appropriate sanction in this case based on the severity of Cloud's misconduct in connection

14

with two clients; and that disbarment is consistent with the similar cases cited by the Special Master.

Accordingly, it is hereby ordered that the name of Joseph William Cloud be removed from the rolls of persons authorized to practice law in the State of Georgia. Cloud is reminded of his duties pursuant to Bar Rule 4-219(b).

*Disbarred. All the Justices concur.*